UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| COLE SCOTT,<br>    Plaintiff,<br><br>v.<br><br>CITY OF LAKE STATION,<br>INDIANA, *et al.*,<br>    Defendant. | CAUSE NO.: 2:21-CV-117-PPS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendants' AFSCME Local 3379 and Cassandra Stigger's Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) [DE 13], filed on May 19, 2021. Plaintiff has not filed a response to the instant Motion, and the time to do so has expired.

Rule 12(e) of the Federal Rules of Civil Procedure provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion, a court's inquiry is guided by the federal pleading requirements. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Due to this liberal notice-pleading standard and the availability of extensive discovery, Rule 12(e) motions are disfavored. *See MacNeil Auto. Prods. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 790 (N.D. Ill. 2010) ("Motions for a more definite statement should not be used to gain additional information, but, particularly in light of

1

our liberal notice pleading requirement, should be granted only when the pleading is so unintelligible that the movant cannot draft a responsive pleading.") (quotations omitted); *see also Dental Health Prod. Inc. v. Ringo*, No. 08-C-1039, 2009 WL 1076883, at * 9 (E.D. Wis. April 20, 2009) ("A motion for a more definite statement must be denied where the complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill gaps in detail").

On April 5, 2021, Plaintiff filed a Complaint, stating that he brought the action pursuant to the Family Medical Leave Act ("FMLA"), Fair Labor Standards Act ("FLRA"), National Labor Relations Act ("NLRA"), and Families First Coronavirus Relief Act ("FFCRA"). On May 18, 2021, Plaintiff filed an Amended Complaint which added a tenth count for constructive discharge. Plaintiff expressly states in his Amended Complaint that Counts I, II and III (violations of FMLA), Count IV (violation of the FFCRA), Count V (retaliation), and Count VII (breach of collective bargaining agreement) are asserted against all of the defendants and that Count VIII (breach of duty of fair representation) is asserted against Defendants Local 3379 and Stigger only. However, Plaintiff does not identify the defendants against whom he is asserting Count VI (retaliation for filing for unemployment/pandemic unemployment assistance), Count IX (intentional infliction of emotional distress), and Count X (constructive discharge). Moving Defendants request a more definite statement as to Counts VI, IX, and X to determine which parties must defend themselves against those claims.

Count VI of the Amended Complaint includes the assertion, "Despite clearly being an individual for which the PUA program was designed to help, Sowash and Carroll and Lake Station retaliated against Scott for filing for unemployment. Stigger and Vera failed to assist and/or prevent such retaliation, when they were both in a position to do so." Amend. Comp. ¶ 110. Under

2

Rule 8's liberal pleading standard, Count VI of the Amended Complaint places Defendants Sowash, Carroll, Lake Station, Stigger, and Vera on notice of a retaliation claim against them. Count IX alleges that "Defendants Lake Station, Sowash and Carroll engaged in extreme and outrageous conduct towards the plaintiff . . ." putting Defendants Lake Station, Sowash, and Carroll on notice of an intentional infliction of emotional distress claim against them. Amend. Comp. ¶ 118. Likewise, the only defendant mentioned in Count X is Defendant Sowash, Amend. Comp. ¶ 122, putting him on notice that Plaintiff's constructive discharge claim is asserted against him. Although Plaintiff has conveniently labeled several of the Counts to clearly delineate which defendants they are asserted against, these types of labels are not required under Rule 8. The allegations contained within Counts VI, IX, and X put the relevant defendants on notice of claims asserted against them and thus, a more definite statement is unnecessary.

For the foregoing reasons, the Court **DENIES** Defendants' AFSCME Local 3379 and Cassandra Stigger's Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) [DE 13].

SO ORDERED this 4th day of June, 2021.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record